DISSENTING OPINION,
DELIVERED BY
MR. JUSTICE TURNEY.
The question in this case arises upon the construction of Section 2291 of the Code, and is, Does the-Statute of Limitations of one year, for the recovery of damages for injury to the person, apply to the present action ?
I concur in the conclusion of Judge Sneed, in an opinion prepared in this case at the last Term of the-Court; and, as an additional reason, in support of its. correctness, hold, that the Act in question creates a new and distinct ground of suit; and, in repealing the-rule of the Common Law, gives a cause for suit and- *839 recovery that neither did nor could have existed in the person injured. The constituents, making up the cause of action on his part, to-wit, pains, mental agony, physicians’ bills, loss of time, and the like, do not enter into those upon which the action for the benefit of the widow and children is based, — which are the loss of the social relations of husband and wife, and parent and child, and the financial, educational, and material aid, in combination with the affectionate advice, and fond protection of the husband and father.
While the husband and father lives, there is no right of action in the wife and children. The right only accrues at his death, and then, only, for the consequences resulting to them from such death. If the husband and father being injured, linger for more than twelve months without bringing suit and then' die, I do not think that the doctrine, that more than- one year, from the injuries to the death having elapsed, will bar the right to sue for the benefit of the widow and children, can be maintained; for the .very strong reason, that no such right existed during that time. Time never runs against that which has no existence. A right of action must first accrue to and vest in a 'party before time can commence to operate against it or destroy it.
If the party injured recover permanently, he may still sue for the injuries to the person. If, however, after the suit is brought, he die from other causes, although within a year after the injuries were received, no right of action passes to the personal representative for the benefit of the family of the deceased. The *840 words of the Statute expressly exclude such interpretation; thereby making inevitable the conclusion, that the right of action, after the death, was intended by the Legislature to give to the wife and children the means of recovering compensation for the losses already indicated, as following to them from the death of the husband and father; to re-imburse them, as far as may be, in money, for their deprivation of that watchful protection, kindly support, and trustful dependence once realized in the husband and father.
For the mutilation, disfigurement, and deformity to the parly injured, the wife and children can maintain no suit — the party injured, while living, may. He may 'exhibit these things in aggravation of the damages. But- his death puts an end to them, as facts, for the consideration of Courts and juries: — for the obvious reason that, in injuries to the person, these things constitute the ground of suit: — while, in suits like the present, the sole inquiry is, Did the death result from the injury? If it did, What is the measure of damages? In the estimate of damages, it can make no difference, whether the injury mangled and disfigured, or left not the slightest mark of violence. The one action is for the wrongs to the person, immediate and direct, and, under proper rules of pleading, is trespass. The other is for wrongs consequential and. r’emote, and should be case.
By the Statute it is not the action which passes to. the representative, but the right of action; nor is it the action which does not abate, but the right of action.
*841 I am unable to see how, under a declaration for injuries to the person, claiming damages for the loss of time, physical and mental suffering, outlay for medical attendance, etc., etc., the representative can proceed fqv the consequential damages resulting to the widow and children from the death of the original plaintiff. If, after his death, the suit remain in Court, under the Provisions of the Statute, new pleadings should, in strictness, be had.
That the Legislature intended to create a new right of action is further made manifest in the Provision, that the recovery shall be for ¿he benefit of the widow and next of kin, free from the claims of creditors.
I am of opinion that this is- not an action for injuries to the person, and that the Statute of Limitations of one year does not apply.